THE STATE, EX REL. NEY, APPELLANT, *v.* NIEHAUS, JUDGE, APPELLEE.

[Cite as State, ex rel. Ney, *v.* Niehaus (1987), 33 Ohio St. 3d 118.]

(No. 86-1373—Decided December 2, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Leonard Kirschner,* for appellant.

*H. Fred Hoefle,* for appellee.

*Per Curiam.* Mandamus should issue in this case only if appellant shows (1) that appellant has a clear legal right to the relief requested; (2) that appellee is under a clear legal duty to perform the requested act; and (3) that appel-

lant has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Middletown Bd. of Edn.,* v. *Butler Cty. Budget Comm.* (1987), 31 Ohio St. 3d 251, 253, 31 OBR 455, 456, 510 N.E. 2d 383, 384, citing *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. Appellant argues that this court should grant this extraordinary remedy here essentially because appellee has a clear legal duty under R.C. 2945.44 to grant the prosecution's request for immunity for Anaruma. As the court of appeals did before us, we disagree.

R.C. 2945.44 provides in relevant part:

"(A)  In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, *unless it finds that to do so would not further the administration of justice,* shall compel the witness to answer or produce the information, if both of the following apply:

"(1)  The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

"(2)  The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.

"(B)  If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section compelling him to give an answer or to produce any information, he shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information." (Emphasis added.)

The foregoing statute makes it plain that once the prosecution requests immunity in writing for a witness who has invoked the Fifth Amendment privilege and the trial court explains the scope of immunity allowed under R.C. 2945.44(B), the trial court must determine whether granting immunity would further the administration of justice. Clearly, that decision lies within the sound discretion of the trial court.

It is well-established that when a court has discretion to act, its only duty is to exercise that discretion. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 20 O.O. 3d 121, 420 N.E. 2d 116. Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, R.C. 2731.03, it may not control judicial discretion, even if such discretion is grossly abused. R.C. 2731.03; *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494. Appellee exercised his discretion in this case by determining that granting Anaruma immunity would not further the administration of justice. In light of Anaruma's demonstrated disrespect for her oath, even if we were reviewing the merits of appellee's decision, we would not find that he abused his discretion here.

Inasmuch as appellee has carried out the responsibility required by R.C. 2945.44, the writ must be denied, and the judgment of the court of appeals is, accordingly, affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.