PANNETTA, APPELLEE, *v.* EUCLID POLICE DEPARTMENT ET AL., APPELLANTS.

[Cite as Pannetta *v.* Euclid Police Dept. (1989), 43 Ohio St. 3d 157.]

(No. 87-2151—Submitted January 10, 1989—Decided June 14, 1989.)

*Ralph C. Buss,* for appellee.

*Walter, Haverfield, Buescher & Chockley, Henry B. Fischer* and *Frederick W. Whatley,* for appellants.

*Per Curiam.* The instant appeal presents two issues for our determination. First, whether the court of appeals erred in issuing the writ of mandamus by ordering the return of appellee's motorcycle; second, whether the appellate court erred by ordering appellants to provide appellee with "any certification which may be necessary to obtain proper licensure" for his motorcycle. For the reasons that follow, we answer both questions in the negative. Therefore, we affirm the decision rendered by the court of appeals below.

In order for a writ of mandamus to issue, it must appear that the relator has a clear legal right to the relief requested; that the respondent has a clear legal duty to perform the requested act; and that the relator has no plain and adequate remedy in the ordinary course of law. See, *e.g., State, ex rel. Ney,* v. *Niehaus* (1987), 33 Ohio St. 3d 118, 515 N.E. 2d 914.

Appellants claim that the appellate court below abused its discretion in issuing the writ because at the hearing they made written tender of the return of the motorcycle. It is appellants' contention that, in this regard, appellee's action was rendered moot.

Under the circumstances of this case, we do not believe that the court of appeals erred in issuing the writ. It appears that for at least five months, appellants made no efforts to return appellee's property, in spite of the appellate court's ruling that the motorcycle had been unlawfully seized. Appellants could have appealed that ruling of the court of appeals but they failed to do so. The record also reveals that appellee filed a motion with the Euclid Municipal Court on June 3, 1987 for the return of his motorcycle, but obtained no satisfaction. In our view, the appellate court's decision to issue the writ was not unreasonable or unlawful because appellee had not received his property at the time of the hearing. Moreover, the appellants' prior record of making no effort whatsoever to return the unlawfully seized property made the issuance of the ex-

traordinary writ the appropriate remedy under the facts before the court. Therefore, we find that the court of appeals acted properly in issuing the writ of mandamus.

With respect to the second issue presented, we believe it was well within the power of the court of appeals to require appellants to provide appellee with any certification which may be necessary to obtain proper licensure for the motorcycle. Such a requirement is, in our view, part and parcel of the mandamus order in order that it be carried out completely. Appellants assert that nothing in the record establishes appellants' obligation to assist in proper licensure of the motorcycle and that there is no reason for assistance since appellee had been able to obtain a license for the motorcycle in the first place.

We find appellants' assertions to be unmeritorious because they ignore the underlying factual situation that compelled issuance of the writ in this cause. A review of the underlying facts reveals that while the appellants were apparently aware that the motorcycle was titled to appellee, the VIN did not match the type of engine that was on the motorcycle. This was their justification for the seizure of the motorcycle, and we find that the order by the court of appeals that appellants provide appellee with any certification necessary to obtain proper licensure for the motorcycle was a proper exercise of its discretion and was obviously designed to prevent the same type of unlawful seizure of property from taking place in the future. Therefore, we affirm the court of appeals' order in this regard since it appears to be totally justified under the circumstances.

Accordingly, the judgment of the court of appeals in issuing the writ of mandamus and ordering the assistance of appellants to properly license the motorcycle in issue is hereby affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS and RESNICK, JJ., concur.

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur in part and dissent in part.

WRIGHT, J., concurring in part and dissenting in part. I agree that appellee is entitled to a writ of mandamus compelling the return of his motorcycle. However, I cannot join the majority's affirmance of the other relief granted by the court below. Accordingly, I respectfully dissent.

The court of appeals below directed the municipal court to order the city to return the motorcycle and "to provide the relator with any certification which may be necessary to obtain proper licensure for the vehicle." In affirming on this issue, the majority concludes that requiring the city to provide certification to obtain proper licensure for the motorcycle is "part and parcel of the mandamus order in order that it be carried out completely." Since there is absolutely no support for this conclusion, I disagree.

As the majority correctly states, a writ of mandamus will issue only where the relator has a clear legal right to the relief requested, the respondent has a clear legal duty to provide the requested relief, and the relator has no plain and adequate remedy at law. *State, ex rel. Ney,* v. *Niehaus* (1987), 33 Ohio St. 3d 118, 515 N.E. 2d 914. Requiring certification here fails to meet all three of these prerequisites.

First, appellee has failed to establish a legal right to this relief. In fact, his complaint in mandamus did not seek any relief of this nature. It is axiomatic that "[a] relator in mandamus must *plead* and *prove* the ex-

istence of all requisite facts." (Emphasis added.) *State, ex rel. Spirko,* v. *Court of Appeals* (1986), 27 Ohio St. 3d 13, 15, 27 OBR 432, 434, 501 N.E. 2d 625, 627. Appellee did not plead nor has he proven a right to this relief.

Second, there is absolutely no basis for concluding that the city of Euclid has a clear legal duty to provide certification of this motorcycle. No such duty is alleged in appellee's complaint, and the record is devoid of any testimony or evidence even suggesting that such a duty exists. I simply fail to see how the city's duty to return the motorcycle necessarily includes the duty to provide certification.

Finally, there is no evidence that, with regard to licensure, appellee did not have an adequate remedy at law. Presumably there are established procedures one must follow to certify and license a "homemade" motorcycle. Should appellee choose to avail himself of these procedures, or if he has already done so, he can "prevent the same type of unlawful seizure * * * from taking place in the future."

In short, the majority here grants relief that was not requested, is not necessary to effectuate the relief that was requested, and is not supported by law or fact. Accordingly, I must dissent in part from today's ruling.

MOYER, C.J., and H. BROWN, J., concur in the foregoing opinion.