On April 6, 1999, relator, Jose Valdez, acting pro se, filed an application for a writ of mandamus. In his application, relator asks this court to order respondent, Judge David Zeitzheim, to "dismiss the instant pending cause [against him]." In support thereof, relator asserts that R.C. Chapter 2950, Ohio's sexual predator law, is unconstitutional.
Relator's request was made in response to the filing of a sexual predator screening instrument by the Department of Rehabilitation and Correction and a subsequent report filed by the Ottawa County Adult Probation Department which recommended that a hearing be held to determine relator's status pursuant to R.C. Chapter 2950. On December 10, 1997, Judge Zeitzheim filed a judgment entry in which he stayed any further action on the probation department's recommendation pending a decision by "one or more the appellate courts" in Ohio as to the constitutionality of the sexual predator law.
It is well-settled that the requisites for mandamus are: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118.
R.C. Chapter 2950 has been found to be constitutional by the Ohio Supreme Court. See State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, relator's claim that R.C. Chapter 2950 cannot be applied to him because it is unconstitutional has been rendered moot, and we may presume that the issue of relator's status under the sexual predator statute is under consideration by the trial judge. See, Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197. (Unless the record shows otherwise, an appellate court must presume the regularity of the trial court's proceedings. Id. at 199).
Upon consideration, this court finds that relator has failed to demonstrate a clear legal right to the relief requested and the trial court has no clear legal duty to perform the requested relief. Relator's application for a writ of mandamus is hereby dismissed at relator's costs. We further find that relator's "APPLICATION FOR ENTRY OF DEFAULT JUDGMENT ON [RESPONDENT'S] FAILURE TO ANSWER WRIT OF MANDAMUS," filed by relator on May 13, 1999, is not well-taken and is denied.
It is so ordered.
WRIT DISMISSED.
 Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.