PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
On July 21, 1999, the relator, John Robarge, commenced this mandamus action against the respondent, Judge Shirley Strickland-Saffold, to compel the judge "to rule in his favor on the motion to withdraw plea of guilty" which he filed in the underlying case, State of Ohio v. John Robarge, Cuyahoga County Common Pleas Court Case No. CR-342666. After receiving an extension to answer, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on September 2, 1999, on the grounds of mootness. Attached to the summary judgment motion was a copy of a certified journal entry, file-stamped August 31, 1999, in which the respondent denied Mr. Robarge's motion to withdraw his guilty plea. Mr. Robarge never filed a response to the motion for summary judgment.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Thus, to the extent that Mr. Robarge sought to compel the trial judge to grant his motion to withdraw the guilty plea, mandamus would not lie, because mandamus may not control judicial discretion. To the extent that Mr. Robarge sought a ruling on his motion, the trial judge has fulfilled her duty to rule, and this mandamus action is moot.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45 (B) (1) (a). State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported; State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator.
 ANN DYKE, J., CONCURS. ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE