JOURNAL ENTRY and OPINION
The defendant appeals from a judgment of conviction based upon his plea of guilty to two counts of aggravated murder, one count of attempted aggravated murder, and one count of attempted rape. Appellant was sentenced to consecutive terms of life imprisonment with the possibility of parole in twenty years on each of the aggravated murder charges, a consecutive three-year term for a firearm specification on one of those charges, a consecutive term of ten years on the attempted murder charge, and a consecutive term of eight years on the attempted rape charge.
In his single assignment of error, appellant argues:
 THE TRIAL JUDGE FAILED TO COMPLY WITH R.C. 2950.03
WHEN THE JUDGE NEGLECTED TO TELL THE DEFENDANT THAT HE MUST NOT ONLY NOTIFY THE SHERIFF OF HIS INTENTION TO MOVE, BUT MUST DO SO IN WRITING (R.C. 2950.05(a)), MUST NOT ONLY NOTIFY OF HIS INTENTION TO MOVE, BUT MUST REGISTER WHEN HE MOVES (R.C. 2950.05(b)), AND MUST NOT ONLY VERIFY HIS ADDRESS "ONCE A YEAR," BUT MUST DO SO ON THE ANNIVERSARY OF HIS INITIAL REGISTRATION DATE, R.C. 2950.06(b)(2).
Appellant does not challenge his conviction or sentence. He claims only that the court incorrectly performed its administrative duty of notifying him of his registration obligations. Appeal is not an appropriate means to remedy the court's failure to perform this duty.
This court has jurisdiction:
 Upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court.
R.C. 2501.02; also see App.R. 12. Appellant does not ask this court to review the trial court's judgment for prejudicial error[1] or to affirm, modify, set aside or reverse the judgment. He only asks us to remand this matter for more specific notice of his registration duties. We lack jurisdiction on appeal to grant the relief appellant requests.[2]
This court has previously reversed the sentences imposed on criminal defendants and remanded for resentencing where the court failed to notify defendants who have been sentenced to a prison term of the potential for administratively imposed prison time and the potential sanctions for violation of post release control terms. See, e.g., State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported; State v. Hayley (Dec. 2, 1999), Cuyahoga App. No. 74718, unreported. In these cases, the state has agreed that the sentence should be reversed and remanded, so the appropriateness of this remedy was not discussed. The supreme court has recently clarified that post-release control is part of the offender's sentence, about which the offender must be advised at sentencing. Woodsv. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. By contrast, the registration duties of R.C. Chap. 2950 are not punitive but are remedial in nature and, therefore, are not part of the sentence. SeeState v. Cook (1998), 83 Ohio St.3d 404. Mandamus may be available to compel a court to notify the offender of such post-sentence obligations, but it is not within our power on appellate review to order a notification that does not affect the validity of the conviction or sentence.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellants his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J. CONCURS
DIANE KARPINSKI, P.J. DISSENTS (See separate Opinion)
[1] Appellant would be hard-pressed to demonstrate prejudice from the trial court's failure to give him notice, in light of the prison officials' duty to notify appellant of his registration duties at least ten days before he is released, if and when he ever is released. R.C.2950.03(A)(1).
[2] Although appellant has not invoked this court's original jurisdiction, we note that mandamus may be the appropriate remedy to compel a court to discharge a judicial function or duty. The principles governing mandamus are well established: A relator must demonstrate that he or she has a clear legal right to the relief requested, that the respondent has a clear legal duty to provide the relief requested, and that there is no adequate remedy at law. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118. We express no opinion about appellant's ability to meet these requirements.