ORIGINAL ACTION JOURNAL ENTRY AND OPINION
¶ 1 On February 15, 2002, the relator, Alan Brown, commenced this mandamus action against the respondent, Judge Daniel Corrigan, to compel a ruling on a motion for jail time credit which Brown filed on October 22, 2001 in the underlying case, State of Ohio v. Alan Brown,
Cuyahoga County Common Pleas Court Case No. CR 395895. For the following reasons, this court denies the application for mandamus, sua sponte.
¶ 2 As established by the attached journal entry, the subject motion has been resolved. The court granted seventy-seven days of jail time credit, as Brown sought in his motion. The ruling on the motion has fulfilled the court's duty and granted the relator the relief he sought through mandamus. Thus, this mandamus action is moot.
¶ 3 The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914.
¶ 4 Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
¶ 5 Accordingly, the court denies the writ. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ Denied.
TIMOTHY E. McMONAGLE, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.