PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
{¶ 1} Daries Sherrills commenced this mandamus action to compel the respondent judge to rule on the following matters in the underlying case, State of Ohio v. Daries Sherrills,
Cuyahoga County Common Pleas Court Case No. Cr. 230459: (1) his motion to dismiss indictments on constitutional grounds, (2) his motion for appointment of counsel, (3) his motion for discovery, (4) his motion for transcripts, (5) his habeas corpus ad subjucedum, and (6) his motion for judgment on the pleadings and/or in the alternative for summary judgment. The respondent judge filed a motion for summary judgment, which this court granted in part, because he had disposed of the motion to dismiss indictment, the motion for appointment of counsel and the motion for transcripts.[1]
 {¶ 2} In a journal entry, filed-stamped April 8, 2004, (a copy of which is attached hereto) the respondent judge resolved the remaining outstanding motions: He granted the motion for discovery and overruled the motion for judgment on the pleadings and the motion for a writ of habeas corpus. Accordingly, the respondent judge has fulfilled his duty to resolve the outstanding motions, and Mr. Sherrills has received all the relief to which he was entitled, rulings on the outstanding motions. Accordingly, this mandamus action is moot, and this court sua sponte denies the application for a writ of mandamus. Each side to bear its own costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., and Calabrese, Jr., J., concur.
[1] Mr. Sherrills also sought to compel the respondent judge to grant the motion to dismiss indictments on constitutional grounds. This court denied this claim because mandamus may not control judicial discretion. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914.