ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On September 7, 2004, the relator, Darryl Jenkins, commenced this mandamus and/or procedendo action to compel a ruling on his "Motion to dismiss State Detainer No. 224-284" which he filed on April 28, 2003, in each of the underlying cases, State v. Jenkins, Cuyahoga County Common Pleas Court Case Nos. CR. 253176, 253187 and 254073. On October 5, 2004, Kenneth Callahan, who is now the judge presiding over the three underlying cases, filed a motion for summary judgment on the grounds of mootness. Attached to this dispositive motion were certified copies of signed journal entries, file stamped September 24, 2004, in each of the underlying cases. These entries read: "Motion to dismiss state detainer is denied. The detainer in question is from the APA and not within this court's jurisdiction." Mr. Jenkins never filed a response.
 {¶ 2} These journal entries establish that the respondent court has fulfilled its duty to rule on the outstanding motions and that Mr. Jenkins has received the relief to which he is entitled, a ruling on his motions. Accordingly, this writ action is moot.
 {¶ 3} To the extent that Mr. Jenkins seeks to compel the court to grant his motions and force the state either to grant him a hearing on the detainers or to dismiss them, mandamus will not lie. Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Compelling a judge to issue a certain ruling would interfere with judicial discretion.
 {¶ 4} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for an extraordinary writ. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Celebrezze, Jr., P.J., Concurs.
McMonagle, J., Concurs.