JOURNAL ENTRY AND OPINION
{¶ 1} On December 3, 2005, the relator Robert Russell commenced this public records mandamus action against the respondent Paul M. Bican, the North Royalton Chief of Police, to compel the release of the following records: (1) any and all offense and incident reports pertaining to Robert Russell from 1987 to 2003; (2) any and all offense and incident reports pertaining to interactions with the Wooster Ohio Police in February, March, April and May of 1995 pertaining to Sarah Payden, Wendy Russell and Robert W. Russell; (3) any and all complaints, statements and their respective affidavits in 1990, 1995, 1997 and 2002 pertaining to Robert W. Russell; and (4) any and all documents not specifically investigatory or work product (which may be subject to exclusion) from 1987 to 2005. In January 2006, the respondent moved to dismiss on the grounds of ripeness, and Russell filed a brief in opposition. For the following reasons, this court grants the respondent's dispositive motion and dismisses the application for a writ of mandamus.
 {¶ 2} In 2003, in the underlying case, State of Ohio v.Robert W. Russell, Cuyahoga County Common Pleas Court Case No. CR-432508, a jury found Russell guilty of multiple counts of rape, attempted rape, felonious sexual penetration, gross sexual imposition and kidnapping; the court imposed a life sentence. In December 2004, and in August and September 2005, Russell asked the respondent in writing for the requested records. The respondent has not released any records to Russell. On March 30, 2005, Russell filed a "motion for court order to permit access to certain public records" in the underlying case. The trial court has not ruled upon that motion.
 {¶ 3} The respondent argues that Russell has not fulfilled a condition precedent to obtain the requested records. R.C. 149.43
(B)(4) provides: "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 4} In response Russell argues that he is not seeking criminal investigatory records; rather, he is seeking only the incident reports which are to be immediately released pursuant toState ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420,639 N.E.2d 83. Additionally, he characterizes the respondent's argument as exclusively relying on the adequate remedy at law element, the lack of which, Russell argues, a relator need not establish because mandamus is the statutorily provided remedy to enforce R.C. 149.43. State ex rel. Scripps Howard BroadcastingCo. v. Cuyahoga County Court of Common Pleas (1995),73 Ohio St.2d 19, 652 N.E.2d 179; State ex rel. McGowan v. CuyahogaMetropolitan Housing Authority (1997), 78 Ohio St.3d 518,678 N.E.2d 388; and State ex rel. Lucas County Board ofCommissioners v. Ohio Environmental Protection Agency,88 Ohio St.3d 166, 2000-Ohio-282, 724 N.E.2d 411. Thus, Russell concludes that the respondent's arguments are meritless and do not prevent the disclosure of the requested records. Russell's arguments, however, are unpersuasive.
 {¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Relator's reliance on R.C. 149.43 is misplaced because the requirement of R.C. 149.43(B)(4) is not an adequate remedy at law. Rather, it is a condition that must be fulfilled before a prisoner may obtain public records relating to a criminal investigation.
 {¶ 6} Furthermore, this requirement applies to incident reports and their attached records. The phrase "any public record" does not apply to confidential law enforcement investigatory records. R.C. 149.43(B)(4) specifically exempts from release information not "subject to release as a public record." Under subsection (A)(1)(h), such records are not public records. The broad scope of the phrase "any public record" must necessarily include those criminal investigation records whichSteckman identified for immediate release. To obtain such documents, therefore, the trial court must give its approval.
 {¶ 7} The respondent submits that the trial court has not yet given its required approval for Russell to obtain the requested records, which concern criminal investigations. Without that approval, respondent observes, Russell does not have a right to the records, and the respondent has no duty to release them to Russell.
 {¶ 8} In State ex rel. Arnold v. Department of PublicSafety (Nov. 20, 2000), Cuyahoga App. No. 78504, the petitioner Arnold sought, inter alia, incident reports pursuant to R.C.149.43. This court dismissed the case because, inter alia, Arnold had not satisfied the second statutory requirement: obtaining the judge's approval under subsection (B)(4). Here, although Russell has moved for the judge's permission, the judge has not yet ruled on that motion. Until Russell has obtained the judge's approval, this matter in not ripe and should be dismissed. State ex rel.Walker v. Balraj (Aug. 2, 2000), Cuyahoga App. No. 77967; Stateex rel. Mack v. Fuerst (July 19, 2001), Cuyahoga App. No. 79087;Wilberger v. Highland Hills Police Department (Mar. 22, 2001), Cuyahoga App. No. 79160; and State ex rel. Wilberger v. Harris
(Dec. 12, 2000), Cuyahoga App. No. 78521; and State ex rel.Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 9} Accordingly, this court dismisses Russell's application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Rocco, J., and Kilbane, J., concur.