{¶ 1} On February 26, 2007, Prosecutor William Mason filed a petition for writ of prohibition, alternative writ requested, which was amended on February 27, 2007. In his petition, Mason asks this court to order Judge Allison Nelson Floyd to provide the State of Ohio with a transcript from the bindover hearing of In re M.H., Cuyahoga County Court of Common Pleas, Juvenile Division, Case No. DL06106990. Mason also filed a motion to stay the underlying matter. On February 26, 2007, we denied Mason's motion to stay and request for alternative writ. Thereafter, Judge Floyd filed a motion to dismiss which this court denied on March 19, 2007. On April 12, 2007, Judge Floyd filed a motion for summary judgment which was opposed by Mason. For the following reasons, we grant the motion for summary judgment.
 {¶ 2} This complaint arises from the underlying matter of In reM.H., supra. According to the complaint, M.H. is one of three juveniles who were subject to a bindover proceeding. One juvenile, D.L., waived probable cause and was bound over to the General Division of the Cuyahoga County Court of Common Pleas. The other two juveniles, M.H. and S.L., proceeded with the bindover proceeding. On December 22, 2006, Judge Floyd denied the State's motion for bindover and their matters were set for trial in Juvenile Court.
 {¶ 3} On February 23, 2007, Assistant Prosecuting Attorney Eleanore Hilow, pursuant to Juv.R. 37, filed a motion for transcript from the bindover *Page 4 
proceedings which she indicated was to be paid for at State's expense. The purpose behind the motion for transcript was to ensure that M.H. received a fair trial and to prepare the State's witnesses for trial. On February 26, 2007, despite granting the motion for a transcript filed by S.L.'s attorney, Judge Floyd denied the State's motion for transcript.
 {¶ 4} While this action is titled as a request for writ of prohibition, Mason's prayer for relief asks this court to order Judge Floyd to provide his office with a copy of the bind-over transcript. Based upon this prayer for relief, we find that mandamus, and not prohibition, is more appropriate. Moreover, Mason's amended filing asserts that mandamus, not prohibition, is the proper vehicle to obtain the subject transcript. Accordingly, we will treat Mason's action as an action in mandamus. Cf State ex rel. Watkins, et al. v. Eighth DistrictCourt of Appeals, et al., 82 Ohio St.3d 532, 1998-Ohio-190,696 N.E.2d 1079.
 {¶ 5} Initially, we find that Mason's filing is defective since it is not in the form of a complaint. See Loc.App.R. 45(B)(1)(a). While the action is titled as a petition, it is formatted as a motion with brief in support. Mason's failure to file the original action as a complaint subjects it to dismissal. State ex rel. Simms v. Sutula (1998),81 Ohio St.3d 110, 689 N.E.2d 564.
 {¶ 6} We also find that Mason again failed to comply with Loc.App.R. 45(B)(1)(a) which mandates that the complaint be supported by an affidavit from the plaintiff or relator which specifies the details of the claim. (Emphasis *Page 5 
added.) While there is an affidavit attached to the amended petition, it is not Mason's affidavit. The failure to comply with the supporting affidavit provision of Loc.App.R. 45(B)(1)(a) further subjects the complaint to dismissal. State ex re/. Owens v. McCormick (Feb. 18, 1999), Cuyahoga App. No. 75515.
 {¶ 7} Despite the aforesaid procedural defects, we find that Mason failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Mason must establish that: 1) he possesses a clear legal right to the relief prayed for; 2) that Floyd possesses a clear legal duty to perform the requested act; and 3) that Mason possesses no plain and adequate remedy in the ordinary course of the law. State ex re/. Manson v. Morris (1993), 66 Ohio St. 3d 440,613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St. 3d 28, 451 N.E.2d 225. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
 {¶ 8} The release of juvenile transcripts is governed by Juv.R. 37(B) which states:
 (B) No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court or by statute. *Page 6 
 {¶ 9} In the pleadings before this court, there is no evidence that Mason requested the bindover transcript for purposes of appeal, or that a particular statute requires Judge Floyd to release the transcript. Consequently, the release of the subject transcript can only occur by order of the court. Judge Floyd's decision whether or not to order the release of the transcript is within her sound discretion which mandamus cannot be used to control. State ex rel. Ney, supra.
 {¶ 10} Moreover, we do not find Mason's argument that Loc.Juv.R. 48(C)(4) entitles him to the transcript persuasive. Loc.Juv.R. 48(C)(4) states:
 All original transcripts filed with the Clerk of Court shall become part of the official record of the case. Copies will be provided to a party in the case upon the payment of normal copying costs. The release of transcripts and copies thereof will be governed by Juvenile Rule 37(B). (Emphasis added.)
 {¶ 11} According to the local rule, the conditions set forth under Juv.R. 37(B) must still be satisfied before the transcript is released. Since Judge Floyd did not order the release of the transcript, Mason's assertion that he will pay the copying costs is immaterial. Consequently, we find that Mason has not established that he has a clear legal right to the transcript, nor that Judge Floyd has a duty to provide the transcript. *Page 7 
 {¶ 12} Accordingly, we grant Judge Floyd's motion for summary judgment. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint denied.
 ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1