DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Common Pleas Court, which granted a motion to dismiss filed by appellee, the Village of Swanton, Ohio ("Village"), and denied a petition for a writ of mandamus filed by appellant, Merritte Ward. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} The following undisputed facts are relevant to the issues raised on appeal. Appellant was an employee of the Village. He was employed by both the Swanton Police Department, as a sergeant, and by the Swanton Fire Department, as an EMT. *Page 2 
 {¶ 3} On February 9, 2004, appellant was suspended from the Swanton Police Department by the Chief of Police, Chief Napa. Pursuant to R.C.737.19, Swanton Mayor, Tandy Grubbs, investigated the cause of the suspension and determined that appellant should be removed from the Swanton Police Department. On February 12, 2004, Mayor Grubbs provided appellant with written notice of his termination from all employment with the Village. Appellant was given five days to appeal his termination to the Village Council.
 {¶ 4} On administrative appeal, the Village Council upheld the mayor's decision to terminate appellant. Subsequently, appellant appealed the decision of the Village Council to the Fulton County Court of Common Pleas. The trial court upheld the decisions of the mayor and the Village Council. On September 24, 2004, appellant appealed to this court. No briefs were submitted or oral arguments heard. The case was dismissed.
 {¶ 5} On April 6, 2006, appellant petitioned the trial court for a writ of mandamus to compel the Village to reinstate him to his EMT position. On May 31, 2006, the trial court heard the mandamus oral arguments.
 {¶ 6} Appellant argued that he had a clear legal right to relief and that the Village of Swanton had a clear legal duty to reinstate him to his EMT position. Appellant's argument was premised on the assertion that R.C. 737.12 is applicable to the Village and thereby applies to his case. R.C. 737.12 provides in pertinent part: "The chief of police and the chief of the fire department have the exclusive right to suspend any of the *Page 3 
deputies, officers, or employees in their respective departments and under their management and control, for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable and just cause."
 {¶ 7} Appellant further argued that the mayor and Village Council were without the authority to terminate him from his EMT position. Appellant asserted that pursuant to R.C. 737.12 that only the Chief of Swanton's Fire Department could recommend his EMT termination.
 {¶ 8} The record shows that Swanton's Fire Chief, Chief Guy, testified that he did not recommend appellant's termination. The trial court found this point moot through its determination that R.C. 737.12 applies only to Cities and not to Villages. It denied appellant's petition for a writ of mandamus. On July 18, 2006, appellant filed a timely notice of appeal.
 {¶ 9} On appeal, appellant sets forth the following two assignments of error:
 {¶ 10} "1. The trial court committed plain error in not issuing the writ of mandamus requested by the appellant.
 {¶ 11} "2. The trial court committed plain error in finding thatR.C. 737.12 did not apply to the Village of Swanton and the improper termination of the appellant."
 {¶ 12} We have thoroughly reviewed the record of evidence in this matter. Analyzing the assignments in the order presented by the appellant would be counterintuitive. Our judgment on appellant's second assignment of error is determinative *Page 4 
to the veracity of appellant's first assignment. Accordingly, we will address both assignments together. We must determine whether the common pleas court erred in holding that appellant failed to demonstrate that he is entitled to a writ of mandamus.
 {¶ 13} Appellant asserts that the trial court committed plain error in denying his request for a mandamus. The plain error doctrine originated as a criminal law concept and concerns plain errors or defects affecting substantial rights which may be noticed although not brought to the attention of the court. Schade v. Carnegie Body Co. (1982),70 Ohio St. 2d 207, 209.
 {¶ 14} In civil cases, applying the doctrine of plain error is not favored. It is well established that, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." Id. Goldfuss v. Davidson (1997), 79 Ohio St. 3d 116, 121.
 {¶ 15} There is no factual evidence in the record demonstrating that the case at bar represents this kind of exceptional case. We have consistently held that the appropriate standard of review of a denial of a writ of mandamus is abuse of discretion. Truman v. Village of ClayCenter, 160 Ohio App.3d 78, 83; 2005-Ohio-1385, ¶ 16; State ex rel.Hrelec v. City of Campbell (2001), 146 Ohio App.3d 112, 117, citingState ex rel. Ney v. Niehaus (1987), 33 Ohio St. 3d 118, 515. "This standard requires more than a *Page 5 
determination by the reviewing court that there was an error of judgment, rather, that the trial court acted unreasonably, arbitrarily, or unconscionably." Id. Calderon v. Sharkey (1982), 70 Ohio St.2d 218,219; State ex rel. Songwood Way v. Zimmerman (July 27, 1983), 9th Dist. No. 11002.
 {¶ 16} In order for issuance of a writ of mandamus to be warranted, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. State ex. rel. Howard v. Ferreri (1994), 70 Ohio St. 3d 587,589; State ex rel. Westchester Estates, Inc. v. Bacon (1980),61 Ohio St.2d 42, 44. The relator has the burden of establishing this right.State ex rel. Fant v. Sykes (1986), 28 Ohio St. 3d 90, 91; State ex rel.Szekely v. Indus. Comm. (1968), 15 Ohio St. 2d 237, 239.
 {¶ 17} Appellant asserts that he has a clear legal right to the relief prayed for and that the Village has a clear legal duty to reinstate him to his EMT position. The crux of appellant's argument is that the Mayor of the Village of Swanton was without the authority to terminate him. This argument is predicated on the assertion that R.C. 737.12 applies to the Village. Appellant asserts that the trial court erroneously relied on State ex rel Giovanello v. Lowellville (1942) in holding that R.C.737.12 is applicable only to cities and not to villages,139 Ohio St. 219. In support of his argument, appellant relies on State ex rel. Moyerv. Baldwin (1908), 77 Ohio St. 532; Sullivan v. Civil Service Comm. ofthe City of Euclid (1956), 102 Ohio App. 269. *Page 6 
 {¶ 18} Appellant relies on authority that is materially distinguishable and inapplicable to this case. Specifically, in the cases cited by appellant, the court interprets and applies Ohio law that is applicable to cities and city police and fire department employees. Swanton is a village and not a city. These cases are not controlling.
 {¶ 19} The trial court held that R.C. 737.12 was inapplicable to the Village of Swanton, finding the Ohio Supreme Court case, State ex rel.Giovanello v. Lowellville (1942) 139 Ohio St. 219, controlling and still good law,. In Giovanello, the Court held that the civil service provisions of Ohio's Constitution are applicable to the state, counties and cities, but not to villages, reasoning that "since villages are not mentioned in the provision, the maxim expression unius est exclusioalterius applies," and villages are excluded from the operation of the constitutional provision". Id.
 {¶ 20} We concur with the trial court. Giovanello remains valid law and is controlling, See Butler v. Village of Wakeman (July 7, 1989), 6th Dist. No. H-88-39, citing Mers v. Dispatch Printing Co. (1985),19 Ohio St. 3d 100. In Karrick v. Bd. of Edn. (1962) 174 Ohio St. 73, 77, in reliance on the Giovanello case, the Supreme Court of Ohio reiterated its position and held that civil service amendments do not extend to villages. R.C. 737.12 is a civil service statute, as described by the Constitution of Ohio. It applies to state, city, and county employees but not to villages.
 {¶ 21} Appellant's case is rooted in the assertion that his EMT employment with Swanton falls within the parameters of R.C. 737.12. As such, his EMT termination would *Page 7 
be compromised, generating the basis for a mandamus. R.C. 737.12 does not apply. Appellant's assignments of error are not well-taken.
 {¶ 22} The burden was on the appellant to demonstrate that he had a clear legal right to the relief sought. We find no basis upon which appellant has established such right. The Village had no clear legal duty to reinstate appellant. One must satisfy all elements of mandamus for a writ to issue. Appellant has not satisfied this burden. This court cannot find an abuse of discretion. The judgment of the trial court, denying the petition for a writ of mandamus, is affirmed.
 {¶ 23} Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Fulton County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1