[Cite as *State ex rel. Hitch v. Cuyahoga Cty. Court of Common Pleas*, 2013-Ohio-1997.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99384**

# STATE OF OHIO EX REL., BRYAN HITCH

RELATOR

vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS, ET AL.

RESPONDENTS

## JUDGMENT:
## WRIT GRANTED IN PART AND DENIED IN PART

Writ of Mandamus
Motion No. 463178
Order No. 464591

**RELEASE DATE:** May 15, 2013

**ATTORNEY FOR RELATOR**

Kathleen M. Kirby
The United Bank Building
2012 West 25th
Suite 701
Cleveland, Ohio 44113

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
Charles E. Hannan, Jr.
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} On January 9, 2013, the relator, Bryan Hitch, commenced this mandamus action against the respondents, the Cuyahoga County Court of Common Pleas and Judge Allison Floyd, to compel rulings on ten outstanding matters in the underlying case, *In re: the Matter of M.H.*, Cuyahoga C.P. No. SU 06 703419 or to set those pending matters for an immediate oral hearing. On March 12, 2013, the respondents moved for summary judgment on the grounds of mootness because the court had ruled on most, if not all, of the outstanding motions and had set the matter for further proceedings. On April 11, 2013, Hitch filed his brief in opposition to the motion for summary judgment arguing that five of the subject motions remain outstanding and, in issuing one of the orders, the trial court identified Hitch as the obligor, whereas previously he had been the obligee. For the following reasons, this court grants the respondents' motion for summary judgment in part and denies it in part, and grants the writ of mandamus in part and denies it in part.

{¶2} The underlying case concerns the issue of child support between the mother and the father, who is the relator, and their son, born in December 1998. The relator is the custodial parent and has been trying to determine and collect child support from the mother. In 2009 and 2010, the relator father filed motions to modify child support. A magistrate held a hearing on these motions in late February 2011, and issued a report on July 3, 2012. The mother filed objections, and the father countered. The trial judge did not issue a ruling.

{¶3}   The following motions are or were the outstanding subject motions: (1) April 24, 2012 motion to show cause why the mother should not be held in contempt for failing to pay child support; (2) April 24, 2012 motion for attorney fees and costs; (3) the father's July 17, 2012 objections to the magistrate's report; (4) July 24, 2012 motion to compel the mother to respond to the father's discovery request; (5) July 24, 2012, motion for attorney fees; (6) August 3, 2012 motion to strike the mother's objections; (7) the father's October 24, 2012 motion for leave to file supplemental objections; (8) the father's October 24, 2012 motion requiring the mother to contribute to the son's orthodontic bill; (9) the father's November 14, 2012 motion for release of transcript; and (10) a November 2012 request for an attorney's conference.

{¶4}   Subsequent to the filing of this mandamus action, the trial court ruled on the magistrate's report, overruling the various objections.   It is in this order that the father is identified as the obligor.   The court also denied the motion to strike the mother's objections, the motion for leave to file supplemental objections, and the motion for the release of the transcript.   It further set the underlying case for a pretrial on March 8, 2013.   It is on the basis of these rulings that the respondent moved for summary judgment, that the court had ruled on a sufficient number of the outstanding matters and is otherwise proceeding to judgment so that a writ of mandamus is not needed.

{¶5}   In response, the father argues that issuing an order that makes him the obligor, when he is the obligee, is not a discharge of the court's duties.   He also notes that half of the subject motions are still outstanding: the April 25, 2012 motion to show

cause and the corresponding motion for attorney fees, the July 24, 2012 motion to compel discovery responses and the corresponding motion for attorney fees, and the October 24, 2012 motion to order contribution on the orthodontic bill. Although he notes that he had been granted leave to supplement the motions to show cause and for contribution, which he did on March 22, 2013, these motions have now been outstanding for approximately six months to one year. Thus, mandamus should issue to effect rulings on these matters.

{¶6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law, such as appeal. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).

{¶7} Although mandamus should be used with caution, the court has discretion in issuing it. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and

circumstances in the individual case and the justice to be done."

{¶8} In the present case, the trial court resolved half of the outstanding matters. It overruled the objections to the magistrate's report and issued a ruling on the motion to modify child support. Thus, those matters are moot. To the extent that the trial court misidentified the obligor, the father has adequate remedies at law through a motion to correct clerical mistakes pursuant to Civ.R. 60(A), a motion pursuant to Civ.R. 60(B), or an appeal. Furthermore, because the content of an order comes within the discretion of the trial court, mandamus does not lie to correct errors in the order. Similarly, the trial court has resolved the motions to strike the mother's objections, for leave to file supplemental objections, to release the transcript, and to set an attorney conference. Those matters are moot, and this court grants the respondents' motion for summary judgment as to those claims.

{¶9} However, the motion to show cause and its accompanying motion for attorney fees have been pending for approximately one year. The motion to compel discovery and its accompanying motion for attorney fees have been pending for approximately nine months, and the motion for contribution for the son's orthodontic work has now been pending for six months. The underlying case is a juvenile case with a young man who is approaching majority. These cases demand prompt resolution, even in the face of significant dockets. Therefore, this court issues a writ of mandamus to compel the respondents to resolve the above-listed outstanding motions within 28 days of the entry of this order.

**{¶10}** Accordingly, the court grants the respondents' motion for summary judgment in part and denies in part. The court denies the application for a writ of mandamus in part, as to the motions that have been rendered moot, and grants it as to the five outstanding motions to be resolved within 28 days of the date of this entry. Each party to bear its own costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶11}** Writ denied in part and granted in part.

---

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR