[Cite as *Foster v. Friedland*, 2016-Ohio-7230.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104718

# NATHANIEL FOSTER

RELATOR

vs.

# CAROLYN FRIEDLAND, JUDGE

RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writ of Mandamus
Motion No. 498872
Order No. 500097

**RELEASE DATE:**   October 4, 2016

**FOR RELATOR**

Nathaniel Foster, pro se
Inmate No. 369-398
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} On July 11, 2016, the relator, Nathaniel Foster, commenced this mandamus action against the respondent, Judge Carolyn Friedland, to compel the judge to issue a ruling on his January 26, 2016 motion to vacate a void judgment that Foster filed in the underlying case, *State v. Foster,* Cuyahoga C.P. No. CR-98-370295-B. On August 8, 2016, the respondent judge moved for summary judgment on the grounds of mootness and procedural defects. Attached to the dispositive motion is a copy of a certified, file-stamped August 4, 2016 journal entry that denies the subject motion. The respondent also argues that relator's complaint is defective because the caption does not include "State ex rel." Foster never filed a response. For the following reasons, this court grants the judge's motion for summary judgment.

{¶2} First, the petition is defective because it is improperly captioned. Foster styled this petition as "Nathaniel Foster v. Carolyn Friedland, Judge." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶3} Moreover, the attached journal entry established that the judge fulfilled her duty to decide the motion and that Foster received his requested relief, a ruling.[1] Therefore, this mandamus action is moot.

{¶4} Accordingly, this court grants the judge's motion for summary judgment and denies the application for a writ of mandamus. Respondent to pay costs; costs waived. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶5} Writ denied.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR

---

[1]The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).