[Cite as *State ex rel. Shepherd v. Gall*, 2025-Ohio-5416.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE EX REL., DAJOHN D. SHEPHERD, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 115826 |
| | : | |
| HON. STEVEN E. GALL, J., | : | |
| | : | |
| Respondent. | | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATE:** December 3, 2025

---

Writ of Mandamus
Order No. 589833

---

### *Appearances:*

DaJohn D. Shepherd, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On November 17, 2025, the relator, Dajohn D. Shepherd, commenced this mandamus action against the respondent, Judge Steven E. Gall, to compel the judge to correct the sentencing entry in the underlying case, *State v. Shepherd,* Cuyahoga C.P. No. CR-17-620740-A, by including notification of appellate rights

pursuant to Crim.R. 32(B). For the following reasons, this court dismisses the mandamus action, sua sponte.

{¶ 2} In the underlying case in 2018, Shepherd pled guilty to one count of attempted murder with a three-year firearm specification, one count of felonious assault with a one-year firearm specification, and one count of improper discharge of a firearm. The respondent judge sentenced him to an aggregate sentence of 12 years. The sentencing entry did not include notification of appeal rights. Shepherd did not appeal. He now seeks a mandamus to compel inclusion of the notification of appellate rights in the sentencing entry.

{¶ 3} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987).

{¶ 4} In the present case, mandamus will not issue because there is no duty to include the appellate notification in the sentencing entry and Shepherd has an adequate remedy at law. Crim.R. 32(C) specifies what must be in the judgment of conviction. It does not require the trial court to record in the sentencing entry notification of appellate rights. Furthermore, this court has held that mandamus does not lie to compel the trial court to include such notification in the sentencing entry, because there is no duty. *State ex rel. Locke v. Friedland,* 2018-Ohio-180 (8th Dist.).

{¶ 5} Moreover, Shepherd has an adequate remedy at law by filing a motion in the trial court to correct the sentencing entry and then taking an appeal, if necessary. In *Dunn v. Smith,* 2008-Ohio-4565, ¶ 8, the Supreme Court of Ohio ruled that an extraordinary writ would not lie to compel observance of Crim.R. 32, because "Dunn has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." Shepherd is actually pursuing that remedy. On April 8, 2025, he moved the trial court to revise the sentencing entry to include notification of appellate rights. When the respondent judge denied the motion as moot, Shepherd appealed that decision to this court. *State v. Shepherd,* 8th Dist. Cuyahoga No. 115376.

{¶ 6} Accordingly, this court dismisses the application for writ of mandamus, sua sponte. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Writ dismissed.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR