[Cite as *State ex rel. Otis v. Clancy*, 2026-Ohio-1290.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL.
DAVONTEZ OTIS,                                     :

      Relator,                                   :

                                     No. 116317

      v.                                          :

JUDGE MAUREEN CLANCY,                              :

      Respondent.                                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** April 7, 2026

---

Writ of Mandamus
Order No. 594070

---

***Appearances:***

Davontez Otis, *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} On April 2, 2026, the relator Davontez Otis commenced this mandamus action against the respondent, Judge Maureen Clancy, to compel the judge to calculate the number of jail-time-credit days arising out of the underlying case, *State v. Otis,* Cuyahoga C.P. No. CR-25-699615-A. For the following reasons, this court dismisses the mandamus action, sua sponte.

{¶ 2} In the underlying case, Otis pled guilty to tampering with evidence and theft. On January 29, 2026, the respondent judge imposed a two-year community-control sanction on each count to be served concurrently. As part of the community-control sanction, the judge ordered Otis to serve 90 days in jail. This jail term expires on April 30, 2026

{¶ 3} In his complaint for mandamus, Otis avers that he is entitled to 13 days of jail-time credit. A review of the docket in the underlying case shows that he filed a motion for jail-time credit on March 17, 2026. The respondent judge denied the motion on April 1, 2026.

{¶ 4} Otis argues that the calculation of jail-time credit is a ministerial act for which mandamus will lie because the judge has no discretion in calculating the amount of credit. He further argues that appeal is not an adequate remedy in this situation because the appeal cannot be heard before the jail sentence expires and his appeal becomes moot.

{¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus.

Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Wilmore v. Hayes,* 2013-Ohio-4716, ¶ 6 (8th Dist.). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977).

{¶ 6} Otis's argument is not persuasive. R.C. 2929.19(B)(2)(g) controls the awarding of jail-time credit. R.C. 2929.19(B)(2)(g)(iii) explicitly provides that in deciding a jail-time credit motion, "the court may in its discretion grant or deny that motion." Thus, ruling on a jail-time-credit motion is not a ministerial act. It is a discretionary act, and mandamus will not lie for an abuse of discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus.*

{¶ 7} Moreover, an appeal with a motion for stay is an adequate remedy at law, precluding mandamus.[1] *State ex rel. Lundeen v. Synenberg,* 2024-Ohio-6201, ¶ 15 (8th Dist.).

{¶ 8} Accordingly, this court dismisses Otis's mandamus case sua sponte. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

---

[1] The court notes that Otis has appealed the denial of his motion for jail-time credit, *State v. Otis,* 8th Dist. Cuyahoga No. 116318. The court further notes that he moved to place the appeal on the expedited docket. However, because this appeal does not meet the requirements of App.R. 11.2, the court denied expedited status. This does not prevent Otis from moving to place the appeal on the accelerated docket or from seeking a stay.

**{¶ 9}** Writ dismissed.

_____

EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR