The STATE ex rel. MORMILE

v.

GARFIELD HEIGHTS MUNICIPAL COURT.

[Cite as *State ex rel. Mormile v. Garfield Hts. Mun. Court* (1992), 79 Ohio App.3d 539.]

Court of Appeals of Ohio,
Cuyahoga.

No. 62976.

Decided May 6, 1992.

*I. Bernard Trombetta,* for relator.

*James L. Oakar,* Director of Law, for respondents.

JAMES D. SWEENEY, Judge.

On December 26, 1991, relator, Michael Mormile, commenced this mandamus and prohibition action against the Garfield Heights Municipal Court, Judge Kenneth Stralka, and Judge Andrew Slivka to compel the respondents to remove a condition on his bail bond that he vacate his home. On January 17, 1992, the respondents filed a motion to dismiss. On January 28, Mr. Mormile filed his brief in opposition. For the following reasons, the respondents' motion to dismiss is granted and the case, including the applications for alternative writs, is dismissed.

Mr. Mormile asserts that on October 26, 1991, he was charged with violating R.C. 2919.25, domestic violence, because he allegedly hit his wife. He further states in his brief that this incident apparently caused Mrs. Mormile to threaten to kill Mr. Mormile and herself. There are also allegations that Mrs. Mormile, armed with a pistol, held off Maple Heights police for a number of hours because of this domestic violence incident. After Mr. Mormile's arrest, Judge Stralka set bond at $500 upon the condition that Mr. Mormile vacate the marital home. Mr. Mormile stresses that neither Mrs. Mormile nor the arresting officer requested such a condition or protective order. Since late October, the Mormiles have repeatedly moved the respondents to remove the condition. When the respondents did not grant the relief sought, Mr. Mormile commenced the instant action.

The gravamen of Mr. Mormile's claim is that a judge may not *sua sponte* condition a bail bond upon a person vacating his home. Bail is solely to insure the person's appearance in court. Such a condition would be totally unrelated to the purpose of bail and thus should be void. A protective order may only

be imposed when the victim or arresting officer requests such an order. In the instant action neither of those individuals made such a request.

██ This argument is not well founded because R.C. 2919.26(C) and (D) explicitly provide that the judge in a domestic violence matter may *sua sponte* issue a temporary protective order as a condition of release. "Upon the filing of a complaint that alleges a violation of section 2919.25 of the Revised Code, * * * the court, *upon its own motion,* may issue a temporary protection order as a pretrial condition of release if it finds that the safety and protection of the complainant or other family or household member of the alleged offender may be impaired by the continued presence of the alleged offender." (Emphasis added.) R.C. 2919.26(D). In other words, the relevant statute empowers the respondents to issue the order in question. The General Assembly has recognized that the peculiar dangers in domestic violence matters make it appropriate to grant judges the power to impose such conditions even if such conditions are not requested and even if they are not necessary to insure the alleged offender's appearance in court.

██ The requisites for a writ of prohibition are: (1) the exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. In the instant case, prohibition is not appropriate because a statute specifically authorized the conduct.

██ Mandamus may issue only if (1) the relator has a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested act, and (3) there is no adequate remedy at law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. In the instant case there is no clear legal right or clear legal duty to remove the condition. R.C. 2919.26(C) and (D) vest the judge with discretion to impose conditions. Although mandamus may issue to compel a court to exercise discretion, "it may not control judicial discretion, even if such discretion is grossly abused." *Id.* at 119, 515 N.E.2d at 916. In the instant case, the respondents exercised their discretion, and this court will not use mandamus to overrule that decision. Moreover, it is difficult to state that discretion in ordering a person to vacate a residence was abused when there are allegations of violence, death threats and firearms.

Accordingly, the motion to dismiss is granted. The applications for writs of mandamus and prohibition, including the alternative writs, are denied.

*Writs denied.*

KRUPANSKY, P.J., and FRANCIS E. SWEENEY, J., concur.