**The STATE of Ohio, Appellant,**

v.

**FINLEY, Appellee.**

[Cite as *State v. Finley*, 146 Ohio App.3d 548, 2001-Ohio-4347.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000843.

Decided Oct. 19, 2001.

Fay D. Dupuis, City Solicitor, Terrence R. Cosgrove, City Prosecutor, and Jennifer K. Deering, Assistant City Prosecutor, for appellant.

Robert Gutzwiller, for appellee.

SHANNON, Judge.

{¶ 1} Defendant-appellee, Ardeth Finley, was arrested and charged with violating a temporary protection order pursuant to R.C. 2919.27. The order had

been granted without a hearing as a condition of pretrial release in a previous criminal prosecution against Finley for domestic violence. The trial court granted Finley's motion to dismiss the charge. It held that the temporary protection order was ineffective because the state had failed to establish that it was issued in compliance with the due-process requirements of R.C. 2919.26.

{¶ 2}   In its sole assignment of error, plaintiff-appellant, the state of Ohio, contends that the trial court erred in granting Finley's motion to dismiss. It argues that a defendant may not voluntarily disregard a court order unless a court has held that the order is invalid, relying on a case from another appellate district, *Reynoldsburg v. Eichenberger* (Apr. 18, 1990), Licking App. No. CA3492, 1990 WL 52467. But this court has specifically rejected the reasoning set forth in that case.

{¶ 3}   R.C. 2919.27(A)(1) provides that no person shall recklessly violate the terms of a protection order issued pursuant to R.C. 2919.26. We stated in *State v. Franklin* (June 22, 2001), Hamilton App. No. C–000544, 2001 WL 698107, that, absent a timely hearing, a protection order is invalid because it is not issued in compliance with R.C. 2919.26. Therefore, we held in that case that no rational trier of fact could have concluded that the defendant had recklessly violated a valid protection order.

{¶ 4}   The state argues that the protection order in this case was not issued pursuant to a motion by the victim or the arresting officer and therefore did not invoke the procedural protections of R.C. 2919.26(C). Instead, it was issued pursuant to R.C. 2919.26(D)(1), which grants a court the authority to issue a protection order sua sponte as a pretrial condition of release. R.C. 2919.26(D) does allow the sua sponte issuance of a protection order under those circumstances. See *State ex rel. Mormile v. Garfield Hts. Mun. Court* (1992), 79 Ohio App.3d 539, 607 N.E.2d 890. It then goes on to state, however, that if the court issues the order ex parte, it shall conduct a hearing in the presence of the alleged offender within a certain amount of time and that the hearing shall be conducted under the standards set forth under R.C. 2919.26(C). R.C. 2919.26(D)(2). See, also, *Lindsay v. Jackson* (Sept. 8, 2000), Hamilton App. No. C–990786, 2000 WL 1268810.

{¶ 5}   In this case, Finley never received a hearing as required by R.C. 2919.26(D), and the temporary protection order was therefore ineffective. Consequently, no rational trier of fact could have concluded that he had recklessly violated a protection order issued pursuant to that statute, and the trial court did not err in granting Finley's motion to dismiss the charge. Accordingly, we overrule the state's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

GORMAN, P.J., and PAINTER J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.