OPINION
{¶ 1} Anthony Gordon, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the court denied his motion to withdraw his guilty pleas.
 {¶ 2} On June 6, 2002, appellant was served with notice of a full civil protection order ("CPO") hearing while incarcerated. The CPO was filed by his wife. On June 11, 2002, the hearing was held, at which appellant was not present, and the CPO was granted, effective through June 11, 2007. Appellant was served with a copy of the CPO on June 17, 2002. On November 22, 2002, three criminal complaints were filed against appellant, alleging that appellant violated the terms of the CPO by mailing correspondence to his wife. The letters were allegedly mailed by appellant to his wife on September 5, October 24, and October 25, 2002. Appellant was still incarcerated at the time the letters were mailed and the three complaints were filed.
 {¶ 3} On December 5, 2002, appellant entered no contest pleas to the three counts, with stipulated guilty findings, and the court ordered a presentence investigation. On January 8, 2003, appellant appeared for sentencing, at which time he denied some of the allegations upon which the CPO was based. Appellant admitted writing some angry letters to his wife when he discovered she was allegedly committing adultery. He said he had not read the court papers that were sent to him while in prison. He did know that he could not be physically near his wife but did not know that he was prohibited from writing to her. The trial court sentenced appellant to three consecutive terms of 180 days, with 45 days of jail credit.
 {¶ 4} On February 13, 2003, appellant filed a motion pursuant to Crim.R. 32.1 to withdraw his no contest pleas. Appellant asserted that, at the time he entered his pleas, he was unaware of the defenses to the criminal complaints he could have raised. On April 22, 2003, the trial court issued a decision denying appellant's motion to withdraw his pleas. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court abused its discretion in refusing to permit Appellant to withdraw no contest pleas following the imposition of sentence.
 {¶ 5} Appellant argues in his assignment of error that the trial court abused its discretion in denying his motion to withdraw his no contest pleas after the imposition of a sentence. The decision to grant or deny a motion to withdraw a no contest plea is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, at paragraph two of the syllabus. Accordingly, an appellate court will not reverse the denial of a motion to withdraw a no contest plea unless that decision was unreasonable, arbitrary, or unconscionable. State v.Newland (1996), 113 Ohio App.3d 832, 838. The rationale behind this standard is to prevent defendants from pleading guilty to "test the weight of potential punishment." State v. Smith (1977), 49 Ohio St.2d 261,264. Thus, Crim.R. 32.1 motions should be granted only in the most extraordinary cases. Id. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id., at paragraph two of the syllabus.
 {¶ 6} Crim.R. 32.1 governs the withdrawal of no contest pleas, and provides:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Thus, a defendant who seeks to withdraw a plea after his sentence is imposed must demonstrate a manifest injustice. The Ohio Supreme Court has defined manifest injustice as a clear or openly unjust act. See State exrel. Schneider v. Kreiner (1998), 83 Ohio St.3d 203, 208. Therefore, a trial court will not grant a post-sentence motion to withdraw a plea unless the defendant establishes that a manifest injustice will result if the plea stands. Xie, at 526; Smith, paragraph one of the syllabus.
 {¶ 7} In the present case, appellant argues that he did not knowingly and intelligently enter into his no contest pleas because he did not realize that he could challenge the validity of the underlying CPO issued by the domestic court. He first asserts that he has valid defenses to the underlying CPO. He claims he never struck or pushed his wife, as alleged by his wife. He claims to have been incarcerated during the times his wife alleged that he committed some of the acts used to justify the CPO.
 {¶ 8} Appellant next asserts that the domestic court that issued the CPO failed to give him proper notice and an opportunity to be heard at a full hearing on the CPO and failed to transport him to the hearing or appoint counsel to represent his interests. He claims his denial of an opportunity to be heard violated the requirements of R.C. 3113.31(D)(2)(a) and rendered the CPO invalid. R.C. 3113.31(D)(2)(a) provides, in pertinent part:
If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division.
 {¶ 9} Further, appellant claims that he had valid defenses to the three criminal complaints. Appellant pled no contest to violating R.C.2919.27, which provides, in pertinent part:
(A) No person shall recklessly violate the terms of any of the following:
(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code[.]
 {¶ 10} R.C. 2901.22(C) provides:
A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Appellant argues that the CPO was forwarded to him at the correctional facility, but that he did not read it in detail. He claims he knew that he could not phone or visit his wife, but he did not know that he could not write to her. Thus, he claims he could not have recklessly violated the terms of the CPO.
 {¶ 11} We find the trial court did not abuse its discretion in finding appellant failed to demonstrate a manifest injustice. Appellant's claim that he was not aware that the CPO prohibited his sending letters to his wife is unconvincing. Although he admits to having known that the CPO prevented him from telephoning or visiting his wife, he does not explain why he did not know the CPO also prevented him from writing to his wife. His assertions that he did not read the CPO "in detail" does not provide any clue as to how he was able to extract the information about the telephonic and in-person prohibitions in the CPO but, for some reason, was not also able to extract the prohibitions on written correspondence.
 {¶ 12} However, even if appellant's unsworn assertions that he did not know written communications were prohibited by the CPO were true, his actions and inactions constituted recklessness pursuant to R.C. 2919.27. Even if his claims that he set the CPO papers aside and did not read them "in detail" were true, he was aware or should have been aware that his voluntary failure to read the order could result in violation of the order. He admittedly knew that the CPO placed restrictions on contacting his wife. Knowing the CPO restricted contact with his wife, his subsequent writings in the face of such knowledge indicate a perverse disregard of a risk that his conduct was likely to cause a CPO violation. Appellant's contact with his wife through writings, while being fully aware a CPO was in effect, demonstrated a heedless indifference to the consequences of his actions. Neither indifference, laziness, inattention, nor anger constitutes an excuse for failing to read court orders and comply therewith.
 {¶ 13} Further, appellant's claim that the domestic court that issued the CPO failed to give him proper notice and an opportunity to be heard at a full hearing on the CPO is unpersuasive. In the present case, the domestic court complied with R.C. 3113.31(D)(2)(a). Appellant was given proper notice and an opportunity to be heard pursuant to the statute. Contrary to appellant's claims, we find no requirement in that statute and appellant provides no other authority that the trial court must transport the defendant in a CPO action to the hearing or appoint counsel to represent his interests. This court has recently found that an action brought pursuant to R.C. 3113.31 is a civil proceeding, and there is no constitutional right to appointment of counsel in a civil action.Schottenstein v. Schottenstein, Franklin App. No. 02AP-842, 2003-Ohio-5032, citing West v. West (Dec. 7, 1994), Montgomery App. No. 14600 (R.C. 3113.31 proceedings are civil in nature), and Roth v. Roth
(1989), 65 Ohio App.3d 768, 776 (no right to counsel in a civil action). Appellant's contention is particularly unpersuasive given appellant's utter lack of action with regard to the notice and his total failure to attempt any response to the notice. Appellant presented no testimonial or documentary evidence that he was precluded from contacting the court or an attorney on his own in order to make some sort of arrangement. There is no substantive evidence in the record demonstrating that appellant was prohibited from using the telephone, contacting an attorney, or contacting the domestic relations court.
 {¶ 14} Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210. It is apparent from the record that appellant was provided with a sufficient opportunity to defend himself, yet he chose to sit on his rights. Now unhappy with the outcome of the CPO and his later violations of such, he seeks to be heard. However, appellant does not give any indication as to any steps he took to protect his interests at the CPO hearing. He does not explain any efforts during the five days he had prior to the CPO hearing to contact counsel, request a continuance, or request transportation to the CPO hearing. In sum, there is simply no evidence supporting appellant's claims. The only information the trial court received in support of appellant's motion to withdraw his no contest pleas was via the unsworn statements of his counsel, which is not evidence. See In re Miller (June 15, 1993), Franklin App. No. 92AP-1745.
 {¶ 15} Further, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Smith, supra, at paragraph three of the syllabus. In the present case, several alleged grounds supporting the motion for withdrawal occurred during the initial CPO hearings in early June 2002. Appellant was sentenced on January 8, 2003, and did not file his motion to withdraw his no contest pleas until February 2003. The eight-month lag between the alleged causes of the motion to withdraw and his sentence suggests that appellant sat on his rights until he realized the weight of his punishment.
 {¶ 16} Appellant relies repeatedly on State v. Finley (2001),146 Ohio App.3d 548, for the proposition that the validity of the underlying protection order is a matter that may be raised as a defense to an R.C. 2919.27 prosecution. The state urges us not to follow Finley
because it is from another appellate district, and argues that to allow defendant to collaterally attack the legal validity of protection orders where no direct appeal of the order has been taken would render such orders completely unreliable and, ultimately, unenforceable. However, we find Finley distinguishable from the present case. In Finley, the court found it was a valid defense to an R.C. 2929.27 prosecution that the underlying temporary protection order ("TPO") was issued in contravention of the due process requirements set forth in R.C. 2919.26. The hearing requirements under R.C. 2919.26(D)(2) require that, if the court issues the TPO ex parte, it must conduct a hearing "in the presence of the alleged offender" within a certain amount of time. The court found that, because the defendant never received a hearing as required by R.C.2919.26(D)(2), the TPO was not issued in compliance with due process, and, consequently, no rational trier of fact could have concluded that the defendant had recklessly violated a protection order issued pursuant to that statute.
 {¶ 17} However, in the present case, the due process requirements of R.C. 3113.31(D)(2)(a) for issuing a CPO demand only that the court give the respondent proper notice and an opportunity to be heard at a full hearing. As we found above, the trial court complied with such due process requirements. Thus, unlike Finley, in the present case, appellant does not have a valid defense to the R.C. 2929.27 prosecution that the underlying CPO was issued in contravention of due process. Therefore, even if we were to find Finley persuasive authority upon this court, the present case is factually and legally distinguishable from Finley, and appellant cannot rely upon it. For the following reasons, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his no contest pleas. Appellant's assignment of error is overruled.
 {¶ 18} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., Concur.