**BUTCHER, Appellee,**

v.

**STEVENS, Appellant.**

[Cite as *Butcher v. Stevens,* 182 Ohio App.3d 77, 2009-Ohio-1754.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 08CA18.

Decided April 7, 2009.

Brian R. Walker Co., L.P.A., and Brian R. Walker, for appellee.

Floyd Stevens, pro se.

Per Curiam.

{¶ 1} Appellant, Floyd Stevens, appeals the granting of a civil-protection order by the Athens County Court of Common Pleas against him and in favor of appellee, Sherolyn Butcher. On appeal, appellant raises four assignments of error, contending that (1) the magistrate abused her discretion in not granting appellant, who appeared pro se, the opportunity to obtain counsel after he specifically requested a continuance to do so, (2) the magistrate abused her discretion in not granting appellant's motion for a continuance to obtain counsel, witnesses, and documents, particularly in light of the fact that he was only served notice of the hearing less than one day before the hearing, (3) the order prohibiting him from possessing, using, carrying, or obtaining any deadly weapon is not supported by the evidence presented and must be stricken, and (4) his constitutional rights guaranteed by the second amendment to the United States

Constitution were denied by the order that he be prohibited from possessing, using, carrying, or obtaining any deadly weapon. Because we find that appellant received sufficient notice of the full hearing on the protection order and because we find that appellant rejected the court's offer to continue the matter in order that he could obtain counsel, we overrule appellant's first and second assignments of error. Further, because we agree with appellant that the weapons restriction imposed in the civil-protection order was not supported by the evidence, we reverse the trial court's imposition of that restriction in the protection order. Thus, in light of our disposition of appellant's third assignment of error, we decline to address appellant's fourth assignment of error, as it has been rendered moot.

## FACTS

{¶ 2} On June 4, 2008, petitioner-appellee, Sherolyn Butcher, filed her petition for a domestic-violence civil-protection order against respondent-appellant, Floyd Stevens. The court issued an ex parte protection order, naming appellee as a protected person and prohibiting appellant from (1) abusing her, (2) entering her residence, school, business or place of employment, (3) initiating or having any contact with her, (4) removing, damaging, hiding, or disposing of their property or pets, or (5) encouraging any other person to do an act prohibited by the order. Appellant was further ordered to not be present within 500 feet of appellee and to allow appellee to pick up her personal belongings from the residence in the company of a uniformed officer. The matter was scheduled for a full hearing on June 17, 2008, and appellant was ordered to be served notice by personal service, which was accomplished on June 16, 2008.

{¶ 3} A full hearing on the matter was held on June 17, 2008, wherein appellant appeared pro se. Prior to the commencement of the full hearing, and due to the fact that appellant appeared unrepresented, the magistrate immediately offered appellant a continuance in order to obtain counsel. Appellant declined the court's offer, and the hearing proceeded. Appellee testified that appellant had tried to choke her on a prior occasion. She further testified that appellant, most recently, had shoved her to the ground as he held her grandchild. During her testimony, appellee denied any abuse or threat of abuse involving weapons.

{¶ 4} While appellant attempted to cross-examine appellee regarding her direct testimony, many of his efforts were objected to by appellee's counsel. Later in the hearing, after unsuccessfully trying to admit certain hearsay statements and documents into the record, appellant then requested that he be permitted to obtain counsel, as well as be granted time to secure law-enforcement witnesses. However, much of the hearing had already been conducted, and counsel for

appellee objected to the continuance. The trial court denied appellant's request, and the hearing was concluded.

{¶ 5} Subsequently, the court granted a civil-protection order in favor of appellee, against appellant. In doing so, the court expanded the terms of the prior ex parte order. In particular, the court imposed an additional term prohibiting appellant from possessing, using, carrying, or obtaining any deadly weapons while the restraining order remained in effect. On June 25, 2008, appellant filed a request for findings of fact and conclusions of law. In response, the court issued a second magistrate's decision on July 1, 2008, again imposing the weapons restriction, resulting in the issuance of an order of protection on July 14, 2008. However, on July 15, 2008, appellant filed objections to the magistrate's decision that served as the basis for the issuance of the July 14, 2008 protection order. In doing so, appellant attempted to enter into evidence, in the form of attachments to his objections, several written statements that spoke to appellee's character and truthfulness. Appellant also objected to the imposition of the weapons restriction. On July 30, 2008, the trial court issued a decision on the objections to the magistrate's decision, overruling the objections, and also issued a separate order vacating the prior order filed on July 14, 2008.

{¶ 6} Finally, on August 12, 2008, the court issued an order of protection, which, again, contained a weapons restriction. It is from this order that appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

I.    The magistrate abused her discretion in not granting pro se appellant the opportunity to obtain counsel after appellant specifically requested a continuance to obtain counsel.

II.   The magistrate abused her discretion in not granting pro se appellant Floyd Stevens' motion for a continuance to obtain counsel, witnesses, and documents, particularly in light of the fact that he was only served notice of the hearing less than one day before the hearing.

III.  The order prohibiting the appellant from possessing, using, carrying, or obtaining any deadly weapon is not supported by the evidence presented and must be stricken.

IV.   The appellant Floyd Stevens' constitutional rights guaranteed by the Second Amendment to the United States Constitution were denied in ordering that he be prohibited from possessing, using, carrying, or obtaining any deadly weapon.

## ASSIGNMENTS OF ERROR I AND II

■ {¶ 7} Because appellant's first and second assignments of error are interrelated, we address them in conjunction with each other for ease of analysis. Appellant's first and second assignments of error essentially argue that the magistrate abused her discretion in proceeding with the full hearing on the civil-protection order when appellant received only one day's notice of the hearing and when appellant requested that the hearing be continued in order that he could obtain counsel and arrange for witnesses to be present. As set forth above, appellee was issued an ex parte civil-protection order on June 4, 2008, and a full hearing on the matter was scheduled for June 17, 2008. Appellant was not served with notice of the full hearing until June 16, 2008; however, he was served with notice prior to the hearing, and he appeared at the hearing as ordered.

{¶ 8} R.C. 3113.31 governs protection orders and provides as follows:

(2)(a) If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. *The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing.* The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court *may* grant a continuance of the full hearing to a reasonable time determined by the court:

*(i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.*

(ii) The parties consent to the continuance.

*(iii) The continuance is needed to allow a party to obtain counsel.*

(iv) The continuance is needed for other good cause.

(Emphasis added.)

■ {¶ 9} As set forth above, a trial court *may* grant a continuance of the full hearing to a reasonable time determined by the court if one of the following occurs: the respondent has not been served with the petition and notice of the hearing, the parties consent to the continuance, a party wishes to obtain counsel, or the continuance is needed for any other good cause. R.C. 3113.31(D)(2)(a)(i) through (iv). A trial court has discretion when deciding to grant or deny a motion for a continuance. See *Midland Steel Prods. Co. v. U.A.W. Local 486*

(1991), 61 Ohio St.3d 121, 130–131, 573 N.E.2d 98. Absent an abuse of that discretion, a reviewing court will not disturb the trial court's ruling. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181.

{¶ 10} As set forth in R.C. 3113.31(D)(2)(a), it was required that appellant receive notice prior to the commencement of the full hearing; however, there is no requirement that appellant receive, for example, three days' or more notice of the hearing. Based upon a plain reading of the statute, one day's notice appears to be sufficient. This is further reinforced by the fact that appellant did receive actual notice of the hearing, albeit one day in advance, and appeared at the hearing. Further, as revealed in the transcript of the full hearing, the trial court immediately offered appellant, prior to the commencement of the full hearing, a continuance in order to obtain counsel. Appellant refused. Specifically, the following exchange took place between the court and appellant at the hearing:

BY THE MAGISTRATE: * * * Mr. Stevens I want to advise you that you do have the right to retain counsel to represent you at today's hearing and if you want a continuance to do (sic) the Court would grant such a request.

BY MR. STEVENS: I don't think that would be necessary Your Honor.

{¶ 11} Thus, appellant clearly waived his right to retain counsel, as well as his right to request a continuance, and, therefore, the court proceeded to conduct the full hearing. It was not until much later in the hearing, when appellant was having difficulty getting into evidence certain hearsay statements and documents, that he decided he should hire counsel. At this late stage in the hearing, appellee objected, and the court, in its discretion, denied appellant's request.

{¶ 12} Appellant argues that he should have been granted more latitude because he appeared pro se. However, "[o]n questions of substance, this court has always held pro se litigants to the same standards applied to licensed attorneys." *Vayah v. Tate* (June 13, 1994), Scioto App. No. 2171, 1994 WL 259451, *1; see also Adrine and Ruden, Ohio Domestic Violence Law (2008) Section 12:3, citing *Abriani v. Abriani,* Cuyahoga App. Nos. 88597 through 88599, 2007-Ohio-3534, 2007 WL 2008887 ("When parties choose to represent themselves they are bound, just as attorneys are, by the rules of evidence and civil procedure").

{¶ 13} Appellant also seems to suggest that the court's denial of his request for a continuance essentially deprived him of his right to counsel. Appellant specifically argues that the court was required to engage in a more extensive colloquy with him regarding his understanding of his right to retain counsel and the consequences of his waiver. We disagree. Motions for civil-protection

orders are civil in nature, not criminal. Adrine and Ruden, Ohio Domestic Violence Law (2008) Section 12:7, citing *State v. Gordon,* Franklin App. No. 03AP–490, 2003-Ohio-6558, 2003 WL 22889573. Thus, we conclude that in light of the civil nature of the proceeding, the exchange that took place between appellant and the court was sufficient. Further, we are mindful of our previous holding in *In re Florkey,* which stated that "there is no generalized right to counsel in a civil action between individual litigants." Highland App. No. 07CA22, 2008-Ohio-4994, 2008 WL 4384044, ¶ 19, citing *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 515 N.E.2d 928. However, although parties do not have a right to appointed counsel in civil matters, they do have a right to appear with retained counsel.[1] Here, appellant was afforded the right to retain counsel, both by statute and also by the trial court during the hearing. As set forth above, appellant waived the right to retain counsel and decided to proceed unrepresented. Accordingly, we find no merit to appellant's first and second assignments of error and therefore overrule both of them.

### ASSIGNMENT OF ERROR III

{¶ 14} In his third assignment of error, appellant contends that the "no guns or weapons" prohibition entered in the civil-protection order was not properly supported by the evidence. Of importance, appellant further states in his brief that he "has no real objection to the terms of the Civil Protection Order, as he has no intent to go near the Petitioner/Appellee. His real objection is that he would be a criminal if he went hunting or protects his animals on his own property. It is likely that the appellant would agree to the wording in the order if this restriction, unwarranted by the evidence, were stricken." Thus, appellant does not challenge the issuance of the protection order in general, but rather, limits his challenge to imposition of the weapons restriction only.

{¶ 15} Essentially, the narrow question before us is whether the term in the civil-protection order that prohibits appellant from possessing, using, carrying, or obtaining any deadly weapon is supported by the evidence that was presented during the full hearing. In *Sistek v. Gredence,* the Eleventh District Court of Appeals explained that "[i]n issuing a civil protection order, the trial court may add restrictions, provided they are 'equitable and fair.'" Lake App. No. 2005–L– 212, 2006-Ohio-4169, 2006 WL 2337189, ¶ 36, quoting R.C. 3113.31(E)(1)(h). "'While R.C. 3113.31 affords trial courts discretion in imposing restrictions corresponding to a [civil-protection order], this discretion is not limitless.'" *Sistek* at ¶ 36, quoting *Maag v. Maag* (Mar. 28, 2002), Wyandot App. No. 16–01– 16, 2002 WL 468585, *3. As further noted by the *Sistek* court, "[i]n determining

---

1. We also note the right to appointed counsel in juvenile delinquency matters.

the reasonableness of a restriction of a civil protection order, the Third Appellate District has adopted a standard similar to that used in determining whether a condition of probation is unduly restrictive." *Sistek* at ¶ 36. Thus, " 'restrictions must bear a sufficient nexus to the conduct that the trial court is attempting to prevent.' " *Sistek* at ¶ 36, quoting *Maag* at *3.

{¶ 16} As set forth by appellant in his brief, the following exchange took place on the record between appellee and her own counsel during the full hearing:

Q: And is there also a time in the last two and a half years, where he'd put a gun up to you?

A: No.

Q: Okay has he put a knife up to you?

A: No.

{¶ 17} Accordingly, based upon the above testimony, it is clear that weapons played no part in the domestic violence that served as the basis for the granting of the civil-protection order at issue. Although there was evidence introduced regarding a physical altercation between appellant and appellee, neither weapons nor the threat to use weapons were involved. Therefore, we find that the weapons restriction imposed upon appellant in the civil-protection order lacks a sufficient nexus to the conduct at issue and is, therefore, unreasonable. Therefore, we conclude that this term was not supported by the evidence. Thus, we sustain appellant's third assignment of error and reverse the trial court's imposition of the deadly-weapons restriction in the civil-protection order.

## ASSIGNMENT OF ERROR IV

{¶ 18} In light of our disposition of appellant's third assignment of error, appellant's fourth and final assignment has been rendered moot. Accordingly, we decline to address it.

Judgment affirmed in part
and reversed in part.

KLINE, P.J., and HARSHA and MCFARLAND, JJ., concur.