[Cite as *Kaur v. Singh*, 2019-Ohio-3512.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| PARAMJOT KAUR, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107774 |
| v. | : | |
| RAJBINDER SINGH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-04-302459

***Appearances:***

Edward M. Heindel, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Rajbinder Singh appeals from the trial court's order adopting the magistrate's decision which granted plaintiff-appellee Paramjot Kaur's motion to modify the shared parenting plan. We affirm.

**Factual and Procedural Background**

{¶ 2} The marriage of Singh and Kaur was dissolved in 2005. At the time of dissolution, the court designated Kaur as the residential parent and legal custodian for their two minor children. Subsequently, Kaur moved out of state and, following this move, Singh was designated the residential parent. Kaur filed a motion to modify the shared parenting plan for the children based on a change in circumstance.

{¶ 3} A magistrate conducted a hearing on Kaur's motion. At the hearing, the court heard testimony from Singh and Kaur, as well as the children's guardian ad litem ("GAL"). The court accepted the GAL's report and its attached exhibits into evidence as well as exhibits offered by Kaur. Singh appeared at the hearing pro se and failed to object to any of the issues that form the basis for his assignments of error on appeal.[1]

{¶ 4} After the hearing, the magistrate issued a decision that contained an analysis of the best interests of the children. The decision concluded that Kaur be designated the residential parent and legal custodian of the children and that Singh, as the nonresidential parent, "have parenting time according to the Court's Parenting Time Guidelines for Non-Residential Parent but only subject to the

---

[1] We note that in general, pro se litigants are held to the same standard as all other litigants. *Pietrangelo v. Hudson*, 8th Dist. Cuyahoga No. 107344, 2019-Ohio-1988, ¶ 3. Courts therefore operate under the presumption that a pro se litigant has knowledge of the law as well as legal procedure and afford that person no special treatment. *Loreta v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 97921, 2012-Ohio-3375, ¶ 7; *see also Butcher v. Stevens*, 182 Ohio App.3d 77, 2009-Ohio-1754, 911 N.E.2d 928, ¶ 12 (4th Dist.) ("When parties choose to represent themselves they are bound, just as attorneys are, by the rules of evidence and civil procedure.").

recommendation of the minor children's counsel and voluntarily on the part of the minor children * * *."

{¶ 5} Singh, through counsel, raised four objections with the trial court challenging the magistrate's decision. None of his objections challenged the magistrate's analysis of the best interests of the children or its ultimate conclusion that Kaur's motion should be granted. Instead, Singh only asserted four evidentiary objections, arguing to the trial court that the magistrate erred by permitting Kaur to present certain evidence despite the fact that he failed to object at the hearing. The trial court adopted the magistrate's decision in its entirety.

{¶ 6} Singh now appeals from the trial court's order adopting that decision.

## Assignments of Error

{¶ 7} On appeal, in his four assignments of error, Singh reasserts the same complaints against the magistrate that the trial court dismissed:

> 1. The Magistrate erred in allowing leading questions to permeate the direct examination of Kaur.
>
> 2. The Magistrate erred when she permitted inadmissible hearsay on the direct examination of Kaur.
>
> 3. The Magistrate erred when she permitted opinion testimony of Kaur.
>
> 4. The Magistrate erred when she permitted medical diagnosis testimony without certified medical records, or the testimony of the medical provider.

Singh does not challenge the trial court's order adopting the magistrate's decision.

## Law and Analysis

{¶ 8} We review a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 7.

{¶ 9} Because each of Singh's assignments of error suffers from the same fatal infirmity, we address and dispose of them together. None of Singh's assignments of error address the matter within the scope of our review, namely, whether the trial court abused its discretion by adopting the magistrate's decision.

{¶ 10} As articulated, his assignments of error merely challenge the magistrate's conduct based on objections that he did not make. Singh does not address whether or how the trial court committed error and he fails to articulate any basis by which we may conclude that it did.

{¶ 11} Moreover, we further note that although Singh did provide some citation to legal authority and general propositions of law in his brief, he nevertheless omitted any analysis to link that authority to the facts of this case. Instead, he simply concluded that the trial court erred without offering any analysis with which we could agree. *See* App.R. 16(A)(7).

{¶ 12} We overrule Singh's four assignments of error.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR