[Cite as *Harvey v. McNamee*, 2025-Ohio-2332.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| April M. Harvey, | : | |
| Petitioner-Appellee, | : | |
| | | No. 24AP-605 |
| v. | : | (C.P.C. No. 24DV-1585) |
| John R. McNamee, | : | (ACCELERATED CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on July 1, 2025

**On brief:** *The Tyack Law Firm Co., L.P.A., Kelsey A. Kornblut*, for appellee. **Argued:** *Kelsey A. Kornblut.*

**On brief:** *Sallynda Rothchild Dennison*, for appellant. **Argued:** *Sallynda Rothchild Dennison.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Respondent-appellant, John R. McNamee, filed this appeal seeking review of an order by the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a Civil Protection Order ("CPO") in favor of petitioner-appellee, April M. Harvey. McNamee argues that the trial court erred in denying his second request to continue the full CPO hearing and that the trial court's instruction that McNamee would be removed from the courtroom if he spoke to Harvey was an abuse of its discretion and violation of his due process rights. For the following reason, we affirm the trial court's decision.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On August 6, 2024, Harvey filed a petition for a CPO against McNamee in the Franklin County Court of Common Pleas, Division of Domestic Relations. Harvey's petition stated that McNamee assaulted her on July 1, 2024, and that since the assault he

had been driving past her home and workplace. The trial court granted Harvey an ex parte temporary CPO against McNamee and scheduled a full CPO hearing for August 19, 2024.

{¶ 3} On August 19, 2024, McNamee appeared at court with his attorney, Paul Aucoin, and requested a continuance of the CPO hearing. The trial court granted his request and continued the hearing until September 4, 2024. Both McNamee and Aucoin signed the continuance entry, which was a standard form. The continuance entry lists the allowable reasons, provided by R.C. 3113.31, to continue a CPO hearing. There were two reasons selected on this form; the first reason was "[t]he continuance is needed to allow a party to obtain counsel," and the second reason was "for other good cause." A handwritten note under the "for other good cause" box further explained, "pending DV criminal case— criminal defense [attorney] just met [defendant] on 8/16." (Aug. 20, 2024 Continuance Entry.)

{¶ 4} On September 4, 2024, both Harvey and McNamee appeared for the full CPO hearing without counsel. When the trial court asked Harvey and McNamee if they were proceeding pro se, McNamee informed the trial court, "I have representation, but she had other obligations, and she asked for a continuance." He further told the court, "I just hired her last night, so she didn't have time to put her notice into the system." (Sept. 4, 2024 Tr. at 4.) Indeed, no notice of appearance had been filed indicating that McNamee had obtained new representation.

{¶ 5} The trial court then proceeded to take notice of the previous continuance filed on behalf of McNamee, noting he had been represented by counsel when it was filed. The trial court went on to explain:

> In accordance with the Supreme Court guidelines, these cases have 30 days to resolve. With this having been filed on August 6th, that's why it was set for September 4th to give you the maximum amount of time for your attorney to look into this case as well as to look into your other case.

(Tr. at 5.)

{¶ 6} From the transcript, it appears that while the trial court was going through this explanation McNamee attempted to communicate directly with Harvey. Consequently, the trial court interrupted itself to explain to McNamee that he could not engage Harvey.

> THE COURT: . . . So, no, sir, you cannot mouth anything to her, and ma'am, you can just focus on me, please. There's a protection order in place, sir.
>
> MR. McNAMEE: Yes
>
> THE COURT: So you are not to have any communication with her including what you just did in my courtroom, so that's unacceptable, and that will be the last time. If I have to ask you again, you will need to leave because that will be a direct violation, again, of your protection order that's currently in place.

*Id.* at 5-6.

{¶ 7} Ultimately, the trial court denied McNamee's request for a second continuance, stating, "this would be the second time that you're asking for a continuance for the same thing." *Id.* at 6. The full CPO hearing proceeded with Harvey being duly sworn in to testify as to why she was requesting this CPO. She told the trial court that she had been in a long-term relationship with McNamee and that she had tried to end the relationship in 2023. She further described an altercation that took place on June 28, 2024 in Michigan; she testified that McNamee's son hit her, and McNamee choked her until she lost consciousness. Harvey further testified that McNamee continued stopping by her homes in Michigan and Ohio.

{¶ 8} At the conclusion of Harvey's testimony, the trial court asked McNamee if he wanted to testify, and he indicated that he had "a couple things to say." *Id.* at 18. The trial court then duly swore him in and proceeded to explain:

> THE COURT: Now, I have no idea -- and this is in no way legal advice -- but on that last continuance that was completed, there was a reference where your attorney said that he wanted to look into a criminal case.
>
> Again, I'm not asking you about that. I have no idea if there is a pending criminal case. I just want to make sure that both of you understand that this hearing is being recorded; so, therefore, it is a courtroom of record, and any one or any other Court would have access to the record.

*Id.* at 19.

{¶ 9}  Upon hearing this, McNamee verified with the trial court, "So anything I say now can be used later as well, too, correct?", which the trial court affirmed. *Id.*  He then generally stated that he was innocent and collecting evidence to prove his innocence. McNamee then told the trial court that he did not want to testify and explained that he "[w]ill save it for [his] appeal." *Id.* at 21.

## II.  ASSIGNMENTS OF ERROR & ANALYSIS

{¶ 10}  McNamee now assigns the following assignments of error:

> 1. The trial court erred in refusing to grant a continuance so that respondent's counsel could be present and so that respondent could gather evidence in his favor.
>
> 2. The trial court erred in failing to have a full hearing as required by law.

{¶ 11}  McNamee's first assignment of error argues that it was unreasonable for the trial court to deny his second request to continue the full CPO hearing because it was "unreasonable" and "arbitrary" to expect that the 12 days provided in the first continuance would be enough time for him to obtain evidence and find counsel that could be prepared and available for the September 4, 2024 hearing.  We disagree.

{¶ 12}  Generally, pursuant to R.C. 3113(D)(2)(a), when a trial court issues an ex parte temporary CPO, it must schedule a full CPO hearing within seven court days of the ex parte CPO being granted.  *See Martin v. Martin,* 2013-Ohio-5703 ¶ 16.  However, R.C. 3113(D)(2)(a) provides several circumstances in which the court may allow the full CPO hearing to be continued.  We have previously held that a trial court has discretion when deciding to grant or deny a continuance under R.C. 3113.31(D)(2)(a).  *Id.* at ¶ 17, citing *Butcher v. Stevens*, 2009-Ohio-1754, ¶ 9 (4th Dist.).  Thus, the trial court's decision to grant or deny a motion for continuance will not be disturbed on appeal absent an abuse of discretion.  *State v. Wyke*, 1999 Ohio App. LEXIS 4343, *19 (10th Dist. Sept. 21, 1999).  An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.  *Id.*, citing *State v. Powell*, 49 Ohio St.3d 255, 260 (1990).

{¶ 13} Here, the trial court appropriately balanced the requirements of R.C. 3113(D)(2)(a) and the guidance of the Supreme Court of Ohio with the needs of the parties. McNamee appeared at the August 19, 2024 CPO hearing with counsel, and they agreed to

continue the hearing until September 4, 2024. As the trial court noted, the reasons for McNamee's second continuance request were the same as the reasons for his first request to continue the August 19, 2024 hearing. No information was provided by McNamee to explain why the initial continuance was insufficient. Although McNamee testified that he hired counsel the night before the rescheduled hearing, there was no notice of appearance entered showing that he secured new counsel. Further, there was no explanation on record for why Paul Aucoin, McNamee's attorney who signed the initial continuance, was not there to represent him. We cannot find that the trial court abused its discretion in denying a second request to continue a hearing when McNamee failed to demonstrate that he did not squander the additional time he was provided when the court granted his first continuance request. Therefore, we overrule McNamee's first assignment of error.

{¶ 14} McNamee's second assignment of error claims that the trial court denied him his right to have a full hearing on the CPO as required by RC 3113.31(D)(2)(a). This court has previously noted that while the term "full hearing" is not statutorily defined, in general, a full hearing on a CPO petition " ' "is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety of the step asked to be taken." ' " *D.M.W. v. E.W.*, 2018-Ohio-821 ¶ 12 (10th Dist.), quoting *Tarini v. Tarini*, 2012-Ohio-6165, ¶ 14 (10th Dist.), quoting *Deacon v. Landers*, 68 Ohio App.3d 26, 30 (4th Dist. 1990). " ' "[W]here the issuance of a protection order is contested, the court must, at the very least, allow for presentation of evidence, both direct and rebuttal, as well as arguments." ' " *Id.*, quoting *Tarini* at ¶ 14, quoting *Deacon* at 30.

{¶ 15}We are not persuaded that McNamee's right to a full hearing was denied when the trial court warned him against speaking directly to Harvey. That warning occurred at the beginning of the hearing, before Harvey offered her testimony. When Harvey concluded her testimony, the trial court asked McNamee if he wanted to testify. McNamee then expressed the desire to testify so the court proceeded to swear him in and generally inform him that the proceedings were being recorded. McNamee then asked the trial court, "So anything I say now can be used later as well, too, correct?" which the trial court affirmed. (Tr. at 19.) Upon realizing this, McNamee generally stated that he was

innocent and collecting evidence to prove his innocence, but that he did not have all the evidence proving his innocence in his possession.

{¶ 16} Nothing in the record supports a finding that McNamee was denied a full hearing. McNamee was present for the entire hearing, and he was duly sworn in to offer his testimony. It does appear, however, that McNamee made a calculated choice not to fully participate in the CPO hearing. When the trial court asked, "Was there anything that you wanted to say related to this petition?" McNamee simply responded, "Not at this time. I'll save it for my appeal." *Id.* at 21. Thus, it was McNamee's choice not to put forward any further evidence, and we cannot find that the trial court denied him the opportunity for a full hearing.

{¶ 17} Accordingly, we overrule McNamee's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————